BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOBLE SHIPPING INC., <br><br> Plaintiff, <br> v. <br><br> HIGHLINE SHIPPING SDN BHD, <br><br> Defendant. | 07 Civ. 8860(D.C.) |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S APPLICATION FOR SUPPLEMENTAL RULE E COUNTER-SECURITY**

### PRELIMINARY STATEMENT

Defendant HIGHLINE SHIPPING SDN BHD ("Highline") respectfully submits this motion and memorandum of law in support of its application for countersecurity pursuant to Rule E of the Supplemental Rules.

### THE FACTS

The facts were fully stated and supported in the accompanying affidavit of Jeremy J.O. Harwood dated November 1, 2007 and the exhibits referred to herein.

-2-

Plaintiff Noble Shipping Inc. ("Noble") has attached sums in excess of $267,000. Highline has a counterclaim in the arbitration in Singapore in the sum of $48,700. Interest, as calculated for the same period and rate as used by Noble, on that claim amounts to $12,662. Highline is also entitled to its estimated legal fees and costs in the same amount as calculated by Noble of $150,000. See, Harwood Aff., Ex. 2, Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd. (S.D.N.Y. October 18, 2007) (awarding countersecurity for fees and costs in the same amount as claimed by Plaintiff). Highline seeks countersecurity in the total sum of $211,362.

## DISCUSSION

### POINT I

### HIGHLINE IS ENTITLED TO COUNTER-SECURITY

Highline has not obtained any security for its counterclaim or for estimated legal fees and costs.

Countersecurity is specifically authorized by Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims.

Rule E(7) provides in pertinent part:

(7)   Security on Counterclaim.

(a)   When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit such security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed

-2-

until this security is given unless the court directs otherwise direct.

The language of the rule is automatic, if not absolute, and entitles the defendant to invoke countersecurity, even if its counterclaims are not based in admiralty. Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 402 (5th Cir. 1987). The intent of the rule is manifest; it is "to place the parties on an equality as regards security." Id. quoting Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 44 S.Ct. 220, 223-24, 68 L.Ed. 480 (1924). Here Highline's claims arise from the same contract in respect of which Noble sues.

## CONCLUSION

Highline respectfully requests that the Court order Plaintiff post countersecurity in the sum of $211,362 and grant such other and further relief as may be equitable.

Date: New York, New York
November 1, 2007

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant*

-3-

900200.00001/6587224v.1